IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GERALD LEE FISHER,

      Plaintiff,                        14cv1425

                                           **ELECTRONICALLY FILED**

        v.

UNITED STATES OF AMERICA *Office of
the Attorney General*,

      Defendant.

## MEMORANDUM ORDER OF COURT RE: DEFENDANT'S MOTION TO DISMISS (DOC. NO. 12)

### A. Introduction

This case centers on *pro se* Plaintiff's dissatisfaction as to the handling of a claim submitted by the United States Department of Veterans Affairs. See Amended Complaint, Doc. No. 4. Plaintiff contends that jurisdiction is proper based upon federal question jurisdiction, 28 U.S.C. § 1331, and demands that the Court impose the "No-Answer Default Judgment federal law" for $25 million. Id. The Government was served on November 20, 2014 and was required to answer or otherwise plead on or before January 20, 2015. See Doc. No. 10, Summons/Return of Service. The Government filed a substantive Motion to Dismiss on January 20, 2015. In this Motion, the Government moves this Court to dismiss Plaintiff's Amended Complaint because Plaintiff's claims are premised upon his a denial veteran benefits, challenges to which are not reviewable in Federal District Courts.

The Court ordered that Plaintiff file a response to this Motion on or before January 29, 2015, at noon. 01/21/2015 Text Order. On January 21, 2015, Plaintiff filed an affidavit, in which he set forth the following:

1. The amount owed in the Federal Case No. 14-1425 complaint is twenty-five million dollars (25,00,000);

2. The defendant is not in the military service; and

3. The defendant is not an infant or incompetent person.

Doc. No. 14.

### B. The Government's Timely Filing of a Motion to Dismiss

On January 27, 2015, Plaintiff filed a letter entitled "JUDGMENT BY DEFAULT." Doc. No. 15. Plaintiff set forth that pursuant to Federal Rule of Civil Procedure 12(a)(2) or (3) and the Court's written summons, Defendant is in default because it was required to answer or file an appropriate motion within 60 days of service and failed to do so by January 20, 2015. In this document, Plaintiff notes that he was in receipt of Defendant's Motion to Dismiss "dated and postmarked via first-class mail on January 20, 2015." Doc. No. 15, 1. Therefore, according to Plaintiff's own admissions, the Government's Motion to Dismiss was filed within the prescribed time period for such a pleading.[1]

After review of this document, the Court extended the time for Plaintiff to file a substantive response to Defendant's Motion to Dismiss because no filing to date had addressed the merits of the Government's Motion. 01/28/2015 Text Order. Plaintiff was ordered to file a response on or before February 5, 2015. Id.

On February 4, 2015, Plaintiff filed a letter, dated January 30, 2015, entitled "REBUTTAL." In it, Plaintiff:

(1) argues that the Court presumptuously assumed that he was moving for default judgment;

---

[1] Despite Plaintiff's contentions, sixty days from November 20, 2015, the uncontested date of service, is January 19, 2015. January 19, 2015 was a federally observed holiday and therefore, Defendant's date to respond to Defendant's Motion to Dismiss was properly calculated as January 20, 2015.

(2) moves the Court to produce evidence as to why January 18, 2015 (a Sunday) was not the correct date for Defendant to respond to the Amended Complaint;

(3) sets forth that he is "not concerned with the merits (right or wrong) of the defendant's quibbled Motion to Dismiss Amended Complaint"; and

(4) reminds this Court of its obligation to protect his rights under the United States Constitution.

Therefore, the Court can assume that Plaintiff will not respond to Defendant's Motion to Dismiss, which is now ripe for adjudication.

The Court will now address the merits of the Government's Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). Doc. No. 12.

### C. Standard of Review

A Motion to Dismiss pursuant to Federal Rule of Civil Procedure (b)(1) challenges this Court's "very power to hear the case." *See Judkins v. HT Window Fashions Corp.*, 514 F. Supp. 2d 753, 759 (W.D. Pa. 2007) (Lancaster, J.) (quoting *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). As the party asserting jurisdiction, Plaintiff "bears the burden of showing that its claims are properly before the district court." *Dev. Fin. Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995). In reviewing a Motion to Dismiss pursuant to Rule 12(b)(1), this Court must distinguish between facial attacks and factual attacks. *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006).

This case presents a factual attack. *Gould Electronics Inc. v. U.S.*, 220 F.3d 169 (3d Cir. 2000). Unlike review of a facial attack, the Court may consider evidence outside the pleadings when reviewing a factual attack. *See Gotha v. United States*, 115 F.3d 176, 178-79 (3d Cir. 1997) citing *Mortensen v. First Fed. Sav. And Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

### D. Discussion

The sole factual averments in Plaintiff's Amended Complaint are as follows:

- On January 31, 2014 the defendant received and filed the plaintiff[']s submitted Federal Tort Claim
- On July 1, 2014, [] the plaintiff submitted to the defendant, via certified U.S. mail, that if the defendant fails to make any findings with regard to the complainant or fails to issue any findings in favor of the recipient by July 29, 2014 the defendant will then be in violation of the Exhaustion of Administrative Remedies federal law. The defendant[']s negligence will then prompt a needless lawsuit seeking a Judicial Review in the U.S. Courts
- On July 29, 2014 the defendant failed to timely answer or made a default in appearance
- On August 28, 2014, the plaintiff submitted an Accord and Satisfaction agreement that was accepted but violated by the defendant;
- On October 21, 2014[,] the plaintiff is compelled to file this needless cause of action lawsuit based in tort pursuant to the provisions of federal law

Doc. No. 4. Even when these averments are construed liberally, the Court is unable to determine the precise basis of Plaintiff's claim(s) from the pleadings. The Government has attached documents to its Motion to Dismiss, which evidence a dispute Plaintiff has with the United States Department of Veterans Affairs ("VA") over the denial of his claim for benefits and related administrative actions. Doc. No. 13-1-13-3. In a letter dated October 10, 2014, Plaintiff was informed that any claims regarding veterans benefits are under the sole jurisdiction of the Court of Appeals for Veterans Claims. Doc. No. 13-2.

The fairest reading of Plaintiff's Amended Complaint is that he is appealing the VA's denial of his claim for benefits and subsequent administrative tort claim. Although Plaintiff is allegedly "not in military service," this is not dispositive. Plaintiff has filed a "claim for damage, injury, or death" with the VA in the exact amount that he presently seeks in this Court

($25,000,000). Doc. Nos. 4, pg. 1, 13-1, pg. 1.[2] Therefore, the Court finds that the controlling factor in Plaintiff's present Federal lawsuit is the VA's denial of his claims. The Court must now determine if it is a proper forum to review of a denial of VA benefits.

It is not. As noted by the Government, except in certain inapplicable circumstances, judicial review of veteran benefit claims is limited by federal statute, which specifies that such a decision "may not be reviewed by any official or by any court, whether by an action in the nature of mandamus or otherwise." 38 U.S.C. § 511(a). Further, jurisdiction is still not proper if Plaintiff bases his claim(s) on the Federal Tort Claims Act. The Government correctly notes that the United States Court of Appeals for the Third Circuit has previously upheld a District Court's dismissal of claims challenging denials of a claim for benefits and related decisions, which rely on the propriety of the denial of benefits because such determinations are not "within the purview of judicial review in the District Court." *Dambach v. United States*, 211 Fed. App'x 105, 108 (3d Cir. 2006). This case is instructive here. Therefore, Plaintiff has not set forth any basis for subject matter jurisdiction and his Amended Complaint will be dismissed with prejudice as any further amendment would be futile.

### E. Conclusion/Order

As set forth above, the Court lacks subject matter jurisdiction to hear this case. Therefore, the following Order is entered:

---

[2] In this same form, Plaintiff did not complete Section 3 "type of employment" by selecting either "military" or "civilian." Doc. No. 13-1, pg. 1.

AND NOW, this 6th day of February 2015, IT IS HEREBY ORDERED THAT the Government's Motion to Dismiss (Doc. No. 12) is **GRANTED**.  Plaintiff's Amended Complaint (Doc. No. 4) is **DISMISSED WITH PREJUDICE**.  The Clerk of Court shall mark this **CASE CLOSED**.

<u>s/ Arthur J. Schwab</u>
Arthur J. Schwab
United States District Judge

cc:     All Registered ECF Counsel and Parties

GERALD LEE FISHER
914 Western Avenue, NW
Pittsburgh, PA 15233